UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division
www.flsb.uscourts.gov

In re:

MAREK MATEUSZ MACZYNSKI,                    CASE NO. 19-14806-EPK
                                            CHAPTER 13

        Debtor.
_____/

**DEBTOR'S MOTION TO ALLOW DEBTOR TO PAY REMAINING BALANCE DUE
UNDER 36-MONTH PLAN IN LUMP SUM PAYMENT**

**THE UNSECURED CREDITORS ARE HEREBY ADVISED
THAT THE GRANTING OF THIS MOTION MAY DEPRIVE
THEM OF A POTENTIALLY HIGHER DIVIDEND IN THE
EVENT THAT THE DEBTORS HAVE AN INCREASE IN
DISPOSABLE INCOME OVER THE ORIGINAL THIRTY-
SIX (36) MONTHS OF THE CONFIRMED PLAN.**

Marek Mateusz Maczynski (the "**Debtor**"), by and through undersigned counsel, file this

Motion to Allow Debtor to Pay Remaining Balance Due Under 36-Month Plan in Lump Sum

Payment, and states as follows:

**Background**

1.      On April 12, 2019, the Debtor filed a voluntary petition for relief under Chapter 13

of the Bankruptcy Code.[1]

2.      On January 28, 2020, this Court entered Order Confirming Chapter 13 Plan. [ECF

# 70].  The 3rd Amended Chapter 13 Plan was confirmed.  [ECF #51].

3.      This Court has allowed an above-median-income debtor to obtain a modification,

under §1329 to allow for the early payoff of the Chapter 13 Plan provided that the proposed

modification is requested in good faith and "the modification to the Plan proposed by the Debtor

---

[1] 11 U.S.C. §§ 101, *et seq.*

1

satisfies §§ 1322(a), 1322(b), and 1323(c), and the requirements of § 1325(a)." *In re Tibbs*, 478 B.R. 458, 467 (Bankr. S.D. Fla. 2012); see also *In re Smith*, 449 B.R. 817, 818 (Bankr. M.D. Fla. 2011)(Allowing debtor to use exempt funds to pay off plan early).[2]  In this case, the Debtor is a below-median-income debtor, so the standard should be less restrictive.  In any event, in this case, the Debtor would meet the standard even if he was an above median-debtor.

### Factual Basis for Early Payoff

4.      As reflected on Schedule I, Debtor was self-employed through his wholly owned business called US Passport Services, LLC. and his non-filing spouse was self-employed at Ventocan LLC.

5.      The Debtor and his non-filing spouse are in the business of assisting their customers in obtaining passports on a rush business.  With the current restrictions on international travel the demand to obtain passports on a rush basis has substantially diminished to the point that the Debtor and his non-filing spouse's income has been reduced to zero.  As a result,  their business operations are shut down because of the COVID-19 pandemic.  At the time of this filing, the federal government has stopped issuing new passports.

6.      The Debtor is not paying any priority or secured creditors through the Chapter 13 Plan.

7.      Olimpia Bartnicka, a friend, of the Debtor has agreed to give a gift to payoff the remaining payments under the bankruptcy plan.  Therefore, the Debtor is proposing to use non-debtor assets to payoff the plan early.

---

[2] Debtors acknowledge that other courts have come to opposite conclusions.  However, this Court in *Tibbs* did an analysis of courts that came to the same and the opposite conclusion.  *Tibbs* at 462-463.  The undersigned is unaware of any binding case law that would require an opposite conclusion.

8.      Because of the nature of the business of the Debtor and his non-filing spouse, it is unlikely that their business operations will commence.

9.      The Debtor is obligated to pay the undersigned attorneys' fees and costs for representation with this motion.   The Debtor requests that these fees be paid direct and outside the Chapter 13 Plan.

10.     Creditors are not prejudiced by the filing of this Motion.  The creditors will receive the same amount that they would receive if the Debtor continued to make his normal payments through the 36-month plan.

11.     Creditors benefit from the early payoff of the Plan because they receive their distributions early.   Based upon the damage to the businesses of the Debtor and his non-filing spouse, absent the allowing this early payoff, the Debtor would either convert the case to a Chapter 7 or dismiss the case.  The relief sought in this Motion is in the best interest of the creditors and the estate.

### Relief Sought

12.     The Debtor assert that his proposed early payoff, to the extent that it is deemed a modification, satisfies 1322(a), 1322(b), and 1323(c), and the requirements of § 1325(a) and requests that this Court approve the Debtor's request to pay off the plan early and obtain their Chapter 13 Discharge using assets from a gift.  Alternatively, if the requested relief is denied, then the Debtor would propose to pay the attorneys' fees through their Chapter 13 Plan.

WHEREFORE, the Debtor request that this Court enter an order: (i) granting this Motion; (ii) allowing the Debtor to pay the remaining amounts due under the Chapter 13 Plan in a lump sum upon receiving a gift in the amount necessary to pay off the Chapter 13 Plan; (iii) allowing

the Debtor to pay the undersigned attorneys' fees and costs direct and outside of the Chapter 13 Plan; and (iv) granting such other and further relief as this Court deems just and proper.

I HEREBY CERTIFY that a true copy of the foregoing has been sent in the manner indicated, this 7th day of April 2020 to all parties listed below.

> FURR COHEN
> *Attorneys for Debtors*
> 2255 Glades Road, Suite 301E
> Boca Raton, Florida 33431
> Telephone: (561) 395-0500
>
> By: /s/ Alan R. Crane
> Alan R. Crane, Esq.
> Florida Bar No. 0963836
> E-mail: acrane@furrcohen.com

**Served via ECF:**

- Alan R Crane    acrane@furrcohen.com, pmouton@furrcohen.com;rrivera@furrcohen.com;atty_furrcohen@bluestylus.com
- Wanda D Murray    ecfflsb@aldridgepite.com, wmurray@ecf.inforuptcy.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- On Deck Capital, Inc. (Levi)    clevi@ondeck.com
- Scott A Stoloff    ss@dkslaw.net
- Robin R Weiner    ecf@ch13weiner.com;ecf2@ch13weiner.com